UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | | |
|---|---|---|
| Vernon Samuel Brown, 303575, | ) | C/A No.: 9:10-1671-RBH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Gray Eichelberger - Major, | ) | |
| Anthony Bruton - Associate Warden for | ) | |
| Operation and Levern Cohen - Warden, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, pursuant 42 U. S. C.§ 1983. Plaintiff, and inmate with the South Carolina Department of Corrections, alleges violation of his constitutional rights by the named Defendants.

The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on September 15, 2019.  As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 16, 2010, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response.  Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.  Plaintiff thereafter filed a response in opposition to the motion on September 29, 2010.

- 1 -



Defendant's motion is now before the Court for disposition.[1]

## Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, Plaintiff alleges in his verified complaint that on June 1, 2010 he got into a physical altercation with a correctional officer, following which he advised the Defendants (all officials at the prison) that he was afraid for his life if he had to go back on the "yard" around the correctional officer with whom he had the altercation. Plaintiff alleges, however, that the Defendants did not take any action and he was allowed to go back onto the "yard". Plaintiff seeks monetary damages. See generally, Plaintiff's verified complaint. Defendants argue, however, that this case is subject to dismissal for failure of the Plaintiff to exhaust his administrative remedies prior to filing

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.



this lawsuit.  For the reasons set forth hereinbelow, the undersigned is constrained to agree.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir.  2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff].  Accordingly, before Plaintiff may proceed on his claim in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies.  See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007).  The Defendants have of course asserted this defense in their motion, and argue in there brief that the complaint must be dismissed because Plaintiff "bypassed his administrative remedies and came straight to Court."  While the Defendants have submitted no evidence (such as an affidavit from an appropriate official with the prison or documents) to support their motion, it is noted that Plaintiff himself concedes in his verified complaint that the prison had a grievance process, that he did not file a grievance concerning his claim, and that he had not received any type of agency determination concerning this



matter prior to filing this lawsuit. See Complaint, Section II. Indeed, in his response filed in opposition to the Defendants' motion, Plaintiff does not dispute that he did not pursue his administrative remedies prior to filing this lawsuit, arguing instead that the "Prison Litigation Reform Act does not require that Prisoners exhaust Prison remedies before commencing suit claiming violation of Eighth Amendment right to be free [from] cruel & unusual punishment." Therefore, for purposes of Defendants' motion, that Plaintiff did not exhaust his available prison remedies prior to filing this lawsuit is not in dispute.

Based on the foregoing, the Defendants are entitled to dismissal of this case. The prison where Plaintiff is housed has a grievance process available,[2] and Plaintiff concedes that he did not avail himself of this process prior to filing this lawsuit. See Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]. Plaintiff's argument that he was not required to exhaust his remedies is simply without merit. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Churchs Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) [The Court is not required to "accept as true legal conclusions or unwarranted factual inferences"]; see also Spruill v. Gillis, 372 F.3d 281, 223 (3rd. Cir. 2004)[documents relating to issue of exhaustion may be considered when considering a motion to

---

[2]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step One), the inmate may then appeal the Warden's decision by filing a Step Two appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc., 425 F.2d 1296; see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).



dismiss]; <u>Jones v. Smith</u>, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; <u>Nyhuis v. Reno</u>, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court-or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting <u>Beeson v. Fishkill Corr. Facility</u>, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); <u>Cannon v. Washington</u>, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies].

## Conclusion

Based on the agreements and filings presented, it is recommended that the Defendants' motion be **granted,** and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 19, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

